Robert E. BLOMBERG, Jr. et
al., Appellants,

v.

Daniel SCHNEIDERHEINZ et
al., Appellees.

No. 80–1219.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 22, 1980.
Decided Aug. 29, 1980.
Rehearing Denied Oct. 24, 1980.

Robert E. Blomberg, Jr., and Ms. Margory V. Blomberg, filed brief pro se.

Steven M. Curry, Merrick County Atty., Central City, Neb., filed brief for appellees.

Before BRIGHT, STEPHENSON and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

Robert E. Blomberg, Jr., and Margory V. Blomberg appeal from the District Court[1] judgment dismissing their civil-rights complaint for failure to state a claim upon which relief can be granted. On appeal, they contend that the District Court erroneously dismissed their complaint.[2]

The Blombergs allege in their complaint that while acting as a process servers for one Larry Jones, they served a summons on Daniel Schneiderheinz and Clayton Erickson, the sheriff and deputy sheriff of Merrick County, Nebraska. When Robert Blomberg served Schneiderheinz with the summons, Schneiderheinz "became enraged," grabbed Blomberg, slammed him against the wall, and "began to swing and hit him". When Margory Blomberg told Schneiderheinz to leave Robert Blomberg

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

2. They also contend that the District Court abused its discretion in granting appellees' motion to vacate the default judgment previously entered against them, and in denying their motion for Judge Urbom's disqualification or in the alternative for a change of venue. These contentions are frivolous.

alone, Schneiderheinz grabbed her, struck her on the face, took the summons together with other papers and shoved "them down the front of her clothes in a way that appeared to be like a rape." At the time of the incident Schneiderheinz and Erickson were on duty.[3]

Treating the complaint as an attempt to state a cause of action under 42 U.S.C. § 1983 (1976),[4] the District Court reasoned that because the acts complained of were not committed under color of law, the complaint failed to state a claim. The District Court accordingly dismissed the complaint, but without prejudice.

■ In the context of a motion to dismiss for failure to state a claim under Fed. R.Civ.P. 12(b)(6), a *pro se* complaint must be liberally construed. See *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). Summary dismissal for failure to set out evidentiary facts is seldom justified. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the litigants can prove no set of facts in support of their claim which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ In this section 1983 suit the issue is whether the Blombergs sufficiently alleged that (1) defendant deprived them of a constitutional right (2) while acting under color of state law. See *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). The Blombergs alleged that Schneiderheinz and Erickson were on duty as the sheriff and deputy sheriff of Merrick County, Nebraska, when the former committed unprovoked assaults and batteries on them in the presence of the latter.

Allegations somewhat similar to those in the Blombergs' complaint have been held to satisfy a comparable color-of-law requirement for the purpose of invoking federal jurisdiction under 28 U.S.C. § 1331(a)

(1976). *See Payne v. Government of Dist. of Columbia*, 559 F.2d 809, 818 n.40 (D.C. Cir. 1977) (separate opinion of Robinson, J.) (complaint alleging that police officer committed acts in the performance of his duties as an officer charged governmental action). *Payne* suggests, however, that for a police officer's conduct to be considered as taken under color of law, that conduct must be related to the officer's official duties. See also *Paul v. Davis*, 424 U.S. 693, 697 n.2, 96 S.Ct. 1155, 1158 n.2, 47 L.Ed.2d 405 (1976); *id.* at 716–17, 96 S.Ct. at 1167–68 (Brennan, J., dissenting). In the present case, no pleading or other record filing discloses the nature of the suit initiated by the summons which the Blombergs served on Schneiderheinz. If that suit was against Schneiderheinz in his official capacity, it seems reasonable to conclude that his receipt of the summons and accompanying conduct related to his official duties and raised a claim within the purview of section 1983. On the other hand, if the suit was against Schneiderheinz merely in his private capacity, his receipt of the summons and accompanying conduct should be considered private and no more than tortious.

If the District Court had dismissed the complaint with prejudice, we might be inclined, out of solicitude for the rights of *pro se* parties, to reverse and remand for further proceedings. Here, however, the District Court expressly provided that its order of dismissal was without prejudice, thus giving plaintiffs a chance, either by filing a new action or by post-judgment motion, to explain whether the Sheriff's conduct complained of was in some way related to his official duties. We find no error in this disposition, which leaves plaintiffs free to elaborate on their allegations and bring themselves within the color-of-law requirement, if they can.

The judgment dismissing the complaint without prejudice is affirmed.

---

**3.** In the complaint's prayer for relief the Blombergs seek $1,500,000 "general damages."

**4.** The District Court correctly construed the Blombergs' complaint as attempting to state a cause of action under section 1983 even though they failed to invoke it.